BOUTALL, Judge.
A New Orleans Police Officer, Michael P. Michot, appeals from a decision of the Civil Service Commission of the City of New Orleans upholding his suspension and subsequent dismissal from duty ordered by the Superintendent of Police.
The facts show that Michot had been a New Orleans Police Officer for some eight years when he sustained a back injury while effecting an on-duty arrest on October 18, 1976. He was seen at Charity Hospital from whence he obtained a diagnosis of lumbo-sacral strain and was classified as injured on duty by the Police Department. For two months thereafter he saw no doctors nor received medical attention, until he consulted Dr. D. S. Condie, the physician for the police department on December 17, 1976. Dr. Condie afforded him physical therapy in the form of ultra-sound treatments, together with medicine for the relief of pain, seeing him several times up to January 7, 1977. On that date, a Friday, Dr. Condie ordered him to return to duty the following Monday, and Michot failed to return to work. There is a dispute as to what the doctor’s instructions were on that date, but the facts show that Michot never returned to Dr. Condie, or any other physician for treatment, and never returned to *1275 work until after he was ordered to do so on March 9th. He returned to work the next day, and a departmental investigation followed to determine the cause of his long absence.
As a result of the investigation, he was charged with untruthfulness and disobedience of orders, resulting in first his suspension and then subsequent discharge from the department. Appeal to the Civil Service Commission and to this court followed.
As noted by the Civil Service Commission, there is a serious dispute as to some of the facts surrounding this officer’s case. Michot contends that he was in severe pain and could not return to work during the period in question. He further contends that on January 7th the doctor only informed him that he should attempt to return to work if he felt up to it, and that his back pained him so badly he felt he could not return. He explained his lack of attendance from January 7th at Condie’s office as being due to the fact that his back pained him so much in making the trip that he felt it was contraproductive to his cure and that he suffered an attack of the flu towards the end of the period.
It is contended on this appeal that the appointing authority has not borne the burden of proving the charges of untruthfulness and disobedience of orders against him. The solution to this issue is based upon the credibility of the witnesses who appeared and testified. The Commission found that Michot’s story was not credible and believed the testimony of Dr. Condie and other witnesses, the effect of which was that Dr. Condie had indeed told Michot to return to work in January, and that Michot concealed this fact from other officers who made inquiry as to his status. Unquestionably, the records involving this man were poorly handled, and indeed were apparently handled in violation of regulations. Notwithstanding this the record discloses sufficient support for the findings of fact and conclusions drawn by the Civil Service Commission in upholding the dismissal. We find no manifest error and we agree with those findings.
The judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.